# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Jason Walker,**<br>***Plaintiff***<br>**v.**<br><br>**Travis County, Texas, et al.,**<br>***Defendants*** | §<br>§<br>§<br>§<br>§ | **No. 1:24-cv-00267-DAE** |

## ORDER

Before the Court are:

- Plaintiff Jason Walker's Motions to De-Designate Bodyworn Camera Footage from Attorney's Eyes Only Designation (Dkt. 55) and Compel Defendant County of Travis to Provide Complete Responses to Interrogatories and Requests for Production (Dkt. 56), both filed June 8, 2026;

- Defendants' unopposed motions for fourteen-day extensions of time to file responses to both motions (Dkts. 57 and 58), both filed June 15, 2026; and

- Travis County Defendants' responses in opposition to Plaintiff's motions (Dkts. 59 and 60), both filed June 29, 2026.[1]

Walker did not file a reply brief in support of either of his motions. He also failed to comply with Local Rules that would have enabled the Court to adjudicate his motions or even determine whether any dispute requiring Court intervention actually exists.

First, Walker did not confer with Defendants before filing either of his motions, as required by Local Rule CV-7(g):

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

[1] By Text Orders issued June 9, 2026, the Honorable David A. Ezra referred the motions to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

Certification under Local Rule CV-7(g) "requires a detailed description of the attempts made to resolve the dispute and the specific reasons why the parties could not reach an agreement." *Gonzalez v. Int'l Med. Devices, Inc.*, No. 1:24-cv-00982-DAE, 2025 WL 3453956, at *2 (W.D. Tex. Nov. 14, 2025). The Court could deny both motions for failure to confer, but proceeds to address their merits.

## I. Motion to De-Designate Bodyworn Camera Footage

Walker seeks to compel Defendants to remove the "attorney's eyes only" ("AEO") designation from bodyworn camera footage they have produced. Although the parties do not specifically identify this evidence, the Court assumes it is video taken inside Walker's jail cell immediately after he was found injured following a suicide attempt. *See* Dkt. 59-1 at 11-12; Second Amended Complaint, Dkt. 14 ¶¶ 52-56. Walker asks the Court to remove the AEO designation because it "prevents Plaintiff from reviewing critical evidence depicting the incident at issue, which limits his ability to work with his counsel and prepare his case." Dkt. 55 at 3.

Defendants respond that while they have produced body camera footage taken by police near the time of Walker's arrest without the AEO designation, they will not de-designate the jail video "because of the security interests implicated in allowing this video to be public or even in the hands of the former inmate Plaintiff." Dkt. 59 at 2. Defendants told Walker's attorney that they have "continued security concerns surrounding allowing Mr. Walker to actually be in possession of the video." Dkt. 59-1 at 6. They explained:

> It is not [Travis County Sheriff's Office] practice to turn over sensitive security related information such as jail videos to inmates because of security concerns, which include disclosing jail layout, possible camera locations, potential usage by third parties in planning escape attempts, potential sharing of information regarding emergency jail responses and actions and/or procedures, and the staffing of emergency responses, etc.

*Id.* at 10. Instead, Defendants have offered to allow Walker to view the footage with his attorney on his attorney's computer or – because defense counsel is in Chicago – in a Travis County office with his attorney attending remotely by videoconference. Dkt. 59-1 at 5. Defendants state that Walker did not respond to this offer. He asserts in his motion that "[r]equiring Jason to view the materials at Travis County's offices . . . is not realistic," but does not explain why. Dkt. 55 at 3.

Defendants' offer to let Walker view the video without taking possession of it moots his argument that the AEO designation "prevents Plaintiff from reviewing critical evidence." Dkt. 55 at 3. And given the absence of a certificate of conference, reply brief, or response to Defendants' offer in the record, the Court does not find that the parties have reached an impasse requiring intervention. For these reasons, the Court **DENIES** Walker's motion to de-designate.

## II. Motion to Compel

Walker's Motion to Compel Defendant County of Travis to Provide Complete Responses to Interrogatories and Requests for Production is ten sentences long. He identifies no documents or responses he seeks to compel. Nor does Walker attach copies of the portions of the discovery requests and responses in dispute, in violation of Local Rule CV-26(a). Instead, he submits only two demand letters he sent to counsel for Defendants in August 2025 and March 2026.

The Court cannot assess the merits of his motion without reviewing the requests and responses. Moreover, Defendants state that they supplemented their discovery after Walker filed his motion, so it may be moot. *See, e.g., Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007) (Pitman, M.J.) (dismissing motion to compel as premature when it was not clear that the matters raised "necessitate judicial intervention to resolve"). The Court denies the motion to compel.

## III. Conclusion

Finding that Defendants have shown good cause therefor, the Court **GRANTS** Defendants' Unopposed Motion for Fourteen (14) Days Extension of Time to File Response to Plaintiff's Motion to Compel Defendant County of Travis to Provide Complete Responses to Interrogatories and Requests for Production (Dkt. 57) and Unopposed Motion for Fourteen (14) Days Extension of Time to File Response to Plaintiff's Motion to De-Designate Bodyworn Camera Footage from Attorney's Eyes-Only Designation (Dkt. 58)

For the reasons stated, the Court **DENIES** Plaintiff's Motion to De-Designate Bodyworn Camera Footage from Attorney's Eyes Only Designation (Dkt. 55) and Plaintiff's Motion to Compel Defendant County of Travis to Provide Complete Responses to Interrogatories and Requests for Production (Dkt. 56).

The Court **ORDERS** that this case be removed from this Magistrate Judge's docket and returned to the docket of the Honorable David A. Ezra.

**SIGNED** on August 19, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE